FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2014 JAN 29 AM 10: 58

**DORIS WILLIAMS,**

  **Plaintiff,**

-VS-

**PROTECT AMERICA, INC.,**

  **Defendant**

CASE NO.: 3:14-cv-118-J-20PDB

_____/

# COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331 and 1337.  *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012)

3. The alleged violations described in the Complaint occurred in Duval County, Florida.

## FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Duval County, Florida

5. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

6. Defendant is a corporation and a citizen of the State of Texas with its principal place of business at 3800 Quick Hill Road Building 1-100 Austin, Texas, 78728.

7. Defendant sought to solicit Plaintiff's business in obtaining a home security system.

8. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

9. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention.

10. Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

11. Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

12. Plaintiff has been assigned cellular telephone number 904-228-5857 since 2009.

13. Plaintiff has been assigned cellular telephone number 904-514-6011 since 2011.

14. In or about April 2013, Defendant initiated its campaign of phone calls and hang-ups to Plaintiff's cellular telephones, 904-228-5857 and 904-514-6011 in an attempt to solicit business.

15. Plaintiff does not now, nor has she ever had a business relationship with Defendant.

16. From April through December 2013, Plaintiff received over two hundred (200) automated calls from the Defendant. [Please See **Composite Exhibit A**, which represents a non-exclusive log of calls received by Plaintiff from Defendant].

17. On more than one occasion Plaintiff has answered Defendant's call in an attempt to be removed from the call list and on each such occasion no one is available to speak with Plaintiff regarding removing her number from the call list.

18. Plaintiff has received more than two hundred (200) calls, and hang-ups, in total from the Defendant.

2

19. Defendant corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals having never entered into a business relationship with Defendant.

20. Defendant corporate policy and procedures provided no means for the Plaintiff to have her cellular numbers removed from the call list.

21. Defendant has a corporate policy to harass and abuse individuals in an attempt to solicit business despite the individual having never consented to calls to her cellular telephone using an automated telephone dialing system.

22. Defendant has many similar complaints from consumers across the country, as those alleged in this lawsuit, by Plaintiff.

23. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

24. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

25. Defendant repeatedly, willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

26. Plaintiff incorporates Paragraphs one (1) through twenty- five (25).

27. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without

Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
**Amanda J. Allen, Esquire**
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
AAllen@ForThePeople.com
jestrada@forthepeople.com
Florida Bar #: 0098228
*Attorney for Plaintiff*